BERNETTE H. WILLIAMS *vs.* WILLIAM T. HART & others.

Worcester. Oct. 2, 1874. — Jan. 30, 1875. COLT & MORTON, JJ., absent.

Where a deed to a railroad corporation contains a stipulation that the grantee shall erect a convenient bridge over the granted premises, at a spot to be afterwards designated by the grantor, but is silent as to the time for performance, the law implies an agreement by the grantor to perform his part within a reasonable time; and a neglect for twenty years to call upon the grantee for performance amounts to such laches as to preclude the grantor from maintaining a bill in equity for specific performance.

BILL IN EQUITY, filed February 25, 1873, for the specific performance of a provision in a deed conveying two parcels of land in Millville, executed May 14, 1853, by Dan Hill, of Blackstone, of whom the plaintiff is heir at law, and accepted by the Southbridge & Blackstone Railroad Company, grantee in the said deed. The granted premises were conveyed by the grantee to the Boston, Hartford & Erie Railroad, and were mortgaged by it to the defendants in this suit as trustees, who were in possession of the road for breach of condition in the mortgage. The nature of the bill appears in the opinion.

The defendants demurred for want of equity, and for laches on the part of the plaintiff. The case was heard and reserved by *Gray*, C. J., upon the demurrer, for the determination of the full court, the parties agreeing that, if the demurrer was sustained, the bill should be dismissed; if the demurrer should be overruled, the bill should be taken for confessed, and it should be decreed accordingly.

*H. B. Staples & F. P. Goulding,* for the defendants.
*G. F. Hoar & T. L. Nelson,* for the plaintiff.

ENDICOTT, J.   The deed recites that the conveyance is made
to enable the grantee to build its railroad over the land described,
subject to certain provisions which are set forth.   One of the pro-
visions is that the grantee shall furnish to the grantor two cross-
ings over the land conveyed and the railroad to be built thereon ;
one at grade and the other by a bridge at or near certain stations
which are named, but " the precise spots (where they shall be
constructed) to be hereafter designated " by the grantor.   The
bill alleges that the crossings were intended to provide passages
across the railroad for the benefit and improvement of the adjoin-
ing land of the grantor, on each side of the parcels conveyed.
The deed is dated May 14, 1853.   The railroad was built in 1855.
The grantor owned the adjoining lands till his death in 1864, but
never designated the spots where the crossings should be con-
structed by the grantee.   The plaintiff, who is the heir at law of
the grantor, has been in possession of the adjoining lands since
his death, and, having designated to the defendants the spot
where she desires the bridge to be built, and they having neg-
lected to construct it, she filed this bill February 25, 1873, for
specific performance of this provision of the deed.   It does not
appear that any spot has ever been designated for the grade cross-
ing, or that it has ever been constructed.

It is not necessary to consider many of the questions argued at
the bar.   The point taken, that the spot was not designated
within a reasonable time is decisive of the case.

The fair construction of the deed is that the grantee shall not
be obliged to furnish or construct the bridge till the spot is desig-
nated by the grantor.   Where there is a condition to do a thing
upon the performance of an act by the grantor, which is secret
and lies within his own breast, the performance is excused till the
grantor gives notice of the act.   Com. Dig. Condition L. 8.   When
the notice is given, the obligation on the grantee in this case
would be complete, and the bridge must be built within a reason-
able time.   As where a grantee, by a condition in a deed, is to
do some act, as to build a school-house for the public, or a dwell-
ing-house for the grantor, he must do the act within a reasonable
or convenient time ; if not, there is a breach.   *Hayden* v. *Stough-
ton*, 5 Pick. 528.   *Hamilton* v. *Elliott*, 5 S. & R. 375.

Taking the peculiar facts of this case, the purposes of the grant and the uses to which this land was to be subjected, we are of opinion that the same rule applies. The particular act which the grantor here undertook to do, and which it was necessary he should do, to render the obligation to build the bridge complete on the part of the grantee, depended solely upon himself; he could select his own mode and time for carrying out his agreement; no time being limited, the law implies an agreement to do it within a reasonable time under the circumstances. *Atwood* v. *Cobb,* 16 Pick. 227, 231. *Gardner* v. *Corey,* 11 Gray, 30. *Ford* v. *Cotesworth,* L. R. 4 Q. B. 127, 133.

The spot was not designated within a reasonable time. The demurrer must be sustained, and, by the terms of the reservation, the entry will be *Bill dismissed.*