CLARA E. FOGG *vs.* EBEN N. PRICE & others.

Essex. Nov. 7, 1887. — Jan. 5, 1888. DEVENS & KNOWLTON, JJ., absent.

If the defendant in a suit in equity files a demurrer to the bill, and also an answer, the court may, under Rule 22 in Chancery, allow the answer to be withdrawn, and may hear the case on the bill and demurrer; and it is not necessary that the demurrer should be again filed.

If a lease of land contains a provision that, " if the premises are for sale at any time, the lessee shall have the refusal of them," and the lessor conveys them to a third person, the lessee cannot maintain a bill in equity, against the lessor and the purchaser, for specific performance of the provision.

BILL IN EQUITY, filed April 21, 1886, against Eben N. Price, Charles H. Price, and Joseph Price, alleging the following facts :

On April 9, 1867, Eben N. Price, the owner of a parcel of land in Salem, with the buildings thereon, executed a lease of the same, for the term of twenty years from said April 9, to Julian A. Fogg, his executors and administrators. The lease contained this provision : " It is further provided, that, if the premises are for sale at any time, the lessee shall have the refusal of them."

On July 29, 1875, Julian A. Fogg, by an instrument under seal, assigned the lease, the premises thereby demised, and all his right, title, and interest in or under the same, to Edward A. Hodgkins.

On September 21, 1875, Eben N. Price, by a deed of quitclaim, released all his right, title, and interest in and to the premises to Charles H. Price and Joseph Price. This conveyance, the bill alleged, was made with intent to defraud Hodgkins, and without notifying the lessee or Hodgkins that the premises were for sale, the grantees having full knowledge of the provisions of the lease, and Hodgkins having always held himself in readiness to purchase the estate.

On March 5, 1886, Hodgkins assigned to the plaintiff the lease, the premises therein described, and all his right, title, and interest in or under the same. The prayer of the bill was that the deed from Eben N. Price be declared void ; that a specific performance of the contract contained in the lease be enforced;

that the defendants be ordered to convey the premises to the plaintiff on the same terms as were at the sale enjoyed by said Charles and Joseph; that the defendants be restrained by injunction from collecting from the plaintiff the rents of the estate; and that a receiver be appointed.

On July 27, 1886, the defendants filed a demurrer to the bill, assigning, as grounds thereof, that the bill stated no case for relief in equity; that the plaintiff had no interest in the subject matter; that the bill was multifarious; and that the cause of action, if any, did not accrue within six years.

On July 27, 1886, the defendants filed an answer to the bill; and on December 6, 1886, the plaintiff filled an exception to the answer.

At the hearing, before *C. Allen*, J., when the case was opened, and before argument on the demurrer, the plaintiff asked the judge to rule as follows: " The defendants, having demurred to the whole bill and answered the whole bill, have thereby overruled their own demurrer."

The judge intimated to the defendants' counsel that the answer might be withdrawn. The defendants thereupon made a motion to be allowed to withdraw their answer. The plaintiff asked the judge to rule that the answer could not be withdrawn without the consent of the plaintiff. The judge declined so to rule, and the answer of the defendants was allowed to be withdrawn. The judge then entertained the demurrer, and, upon a hearing, ordered it to be sustained on the ground of laches.

The plaintiff appealed from the order sustaining the demurrer, and alleged exceptions to the rulings of the judge as above set forth.

*J. A. Fogg*, for the plaintiff.

*G. B. Ives*, for the defendants.

HOLMES, J. It was formerly a rule that you could not demur and answer to the same matter,. and as the demurrer was a reason for not answering, the subsequent filing of an answer overruled the demurrer. Now that a demurrer may be inserted in an answer (Rule 13), there seems to be no longer any reason why a separate demurrer should be overruled by an answer filed subsequently. But whether the answer had such an effect or not, the court had power to allow it to be withdrawn (Rule 22),

and when it was withdrawn, then, so far as the present question is concerned, it was as if it never had been filed. To say that the demurrer was dead, is only a misleading figure of speech. It was a part of the record, which may have been inoperative so long as another part of the record showed that it had no function to perform because the defendant had done what the demurrer said he ought not to be required to do. But when the record ceased to show that state of things, it was not necessary for the defendant to go through the empty form of requesting the clerk to note a second filing of the paper. If it were, it would not help the plaintiff, as we should permit it to be done now, because we are of opinion that the bill does not state a case for equitable relief, and that the covenant set out is not of a nature to be specifically enforced.

The covenant is, "if the premises are for sale at any time, the lessee shall have the refusal of them." This is simply an agreement to give the lessee the first chance to make a contract, — an agreement to sell if the parties can agree, but not otherwise. It neither fixes the price nor provides any way in which it can be fixed. Suppose that the premises had been advertised for sale, and that the tenant had brought his bill at once, it is plain that the court could not have named any sum at which the lessor should be compelled to sell. Considered therefore in the light of a contract to sell, as it is treated by the bill, it does not satisfy the statute of frauds, and, apart from the statute, it is not such a contract as equity can specifically enforce. *Pray* v. *Clark*, 113 Mass. 283. *Grace* v. *Denison*, 114 Mass. 16. *Gelston* v. *Sigmund*, 27 Md. 334. *Abeel* v. *Radcliff*, 13 Johns. 297. *Bromley* v. *Jefferies*, 2 Vern. 415.

It may be said that the contract does mean that the lessor will deal with the lessee on the same terms as with any one else, or at least will not discriminate against him; that the lessor has now fixed his price by a sale; and that, as the purchaser had notice of the contract, the defendants have removed the difficulties in the way of specific performance by their own conduct. It might be that the remedy would do substantial justice as against the lessor, but, in order to do it, a term would have to be added which is not in the contract. The contract certainly does not contemplate a sale to somebody else as a mode of

ascertaining the price at which the lessor will sell to the lessee. *Bromley* v. *Jefferies*, *ubi supra*. The statute of frauds remains unsatisfied notwithstanding what has happened. It is not the event, but the nature of the contract, which is to be considered, and that must be determined by looking at it as it stood at the time it was made. See *Stapilton* v. *Stapilton*, 1 Atk. 2, 10; *Walton* v. *Coulson*, 1 McLean, 120, 129; *Moore* v. *Fitz Randolph*, 6 Leigh, 175, 186.

In deciding the case upon this ground, we do not mean to intimate that the bill does not disclose laches. See *Milward* v. *Thanet*, 5 Ves. 720, n.; *Eads* v. *Williams*, 4 DeG. M. & G. 674, 691; *Brooke* v. *Garrod*, 3 K. & J. 608; *Ranelagh* v. *Melton*, 2 Dr. & Sm. 278; *Weston* v. *Collins*, 13 W. R. 510; Fry Sp. Perf. §§ 1072, 1073. Neither do we mean to say that this defence is not open upon demurrer. There is no doubt that the statute of limitations can be taken advantage of in this way, because, although at common law the statute would have to be pleaded, and matter of avoidance could not be alleged before the replication, (2 Wms. Saund. 63, n. 6; *Sawyer* v. *Boston*, 144 Mass. 470, 472,) in equity such replication as the plaintiff desires to make, other than the formal joinder of issue, must be inserted in the bill, and therefore, if the lapse of time is shown and not met, a demurrer lies. It has been thought that a different rule applies to laches, on the ground that it is a conclusion of fact which cannot be drawn on demurrer. Mitf. Eq. Pl. (4th ed.) 212. But the Massachusetts decisions hold that a demurrer will lie in clear cases. *Plymouth* v. *Russell Mills*, 7 Allen, 438. *Williams* v. *Hart*, 116 Mass. 513.

We have assumed in favor of the plaintiff, without deciding, that although the covenant sought to be enforced was broken before the assignment to the plaintiff, and the right of action was therefore attached to the person of her assignor, (*Clark* v. *Swift*, 3 Met. 390, 392,) the chose in action might be assigned in equity, (3 Met. 395,) at least for purposes of specific performance, and that the assignee might sue in her own name without joining her assignor, as properly as if the contract had not been broken. *Bill dismissed.*