Statement.

Wytheville.

BERRY v. WORTHAM.

JUNE 16, 1898.

Absent, Cardwell, J.

1. CHANCERY PRACTICE—*Specific Performance—Completed Contracts— Uncertainty as to Time and Terms of Paying Purchase Money.*—Courts of equity will not specifically enforce any contract unless it be complete and certain. All of the terms of the contract must be finally and definitely settled by the parties, and none of them left to be determined by future negotiations. A contract which leaves for future negotiation and settlement the time and terms upon which the deferred purchase money is to be paid will not be enforced by a court of equity.

Appeal from a decree of the Law and Equity Court of the city of Richmond pronounced June 30, 1897, in a suit in chancery wherein the appellant was the complainant, and the appellee was the defendant.

*Reversed.*

This was a bill filed by the appellant to enjoin the defendant from selling certain real estate in the city of Richmond at the costs and charges of the appellant. The appellant charged that the appellee was trustee in a deed of trust on said real estate, and had advertised the same for sale for cash, and just before the sale had called on appellant at his office, in the city of Richmond, and endeavored to get him to make an offer for the property; that appellee proposed that if appellant would offer $2,500 for the property he might have it as long as he

desired to pay the money, or at all events long time; that under these circumstances he offered $2,500 for the property; that appellee then left his office and shortly thereafter returned, and stated that the property had been cried out to him at his bid of $2,500, and that he must pay the costs in cash, and the residue in twelve months; that appellant had never assented to any such terms, and for this and other reasons stated in the bill, he declined to comply with the terms of sale, and that appellee had re-advertised the property to be sold at the risk and costs of appellant, which latter sale he prayed might be enjoined, and that the supposed sale to him might be set aside and annulled.

The appellee demurred to the bill and answered it, and prayed that his answer might be treated as a cross-bill. The cross-relief prayed for was a specific performance of the contract of sale. The answer denies many of the details of the bill, but contains the following admission:

" The terms stated to Mr. Berry by your respondent at the time that he saw said Berry last in regard to his said bid, and in fact that terms stated to him at all times in this connection, were that he (Berry) would have to pay $500 in cash, and that he could get long time on the $2,000, the same to bear six per cent. interest. That after said Berry had had all of the aforesaid matters fully explained to him, he voluntarily requested this respondent to make said bid for him, and that this respondent agreed to do so."

On the hearing the court decreed a specific performance of the contract. From that decree the complainant appealed.

*William A. Moncure,* for the appellant.

*Julian A. Bryant,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The question presented by this record is the right of the appellee, T. M. Wortham, to demand of the appellant the specific performance of an alleged contract of purchase of certain real estate.

It is an elementary doctrine of courts of equity that they will not specifically enforce any contract unless it be complete and certain. In order that any agreement, whether covered by the statute or not, whether written or verbal, may be specifically enforced, it must be complete in all its parts; that is, all the terms which the parties have adopted, as portions of their contract, must be finally and definitely settled, and none must be left to be determined by future negotiations; and this is true without any regard to the comparative importance or unimportance of these several terms. Pom. Spec. Perf. of Con., sec. 145; *Darling* v. *Cumming*, 92 Va. 521.

Applying these well-settled principles to the case before us, the conclusion is easily reached that appellee is not entitled to have specific performance of the contract set up in his cross-bill. The property in question was sold at public auction for cash, and yet it is admitted by appellee that the verbal understanding between himself and appellant, who was not present at the sale, was that appellant could pay $500 cash, and have any time he wanted in which to pay the balance; thus leaving for future negotiation and settlement the time and terms upon which the deferred purchase money was to be paid.

Appellee contends that it was understood that he was to loan the remaining $2,000 to appellant, and secure it by deed of trust on the property. This is positively denied by appellant, but if it were true the insuperable difficulty remains that the terms of sale have never been finally and definitely settled. The parties have never agreed as to the time and terms of paying the deferred purchase money, and the court cannot make a contract for them.

In all contracts of sale the price is, of course, a material term. It must either be fixed by the agreement itself, or

means must be therein provided for ascertaining it with certainty. In the absence of such provision either stating it, or furnishing a mode for fixing it, the agreement would be plainly incomplete, and could not be enforced. Pom. Spec. Performance, sec. 148.

In this view of the case it is unnecessary to consider the other grounds of defence relied upon by appellant to defeat the right of appellee to the relief asked. The cross-bill filed by appellee should have been dismissed, and a decree entered perpetuating the injunction theretofore granted appellant enjoining and restraining the appellee, T. M. Wortham, trustee, his agents, and attorneys, from selling, or attempting to sell, the house and lot in question at the risk and cost of the appellant, A. J. Berry.

For these reasons the decree appealed from must be reversed, and this court will enter such decree as the court below ought to have entered.

*Reversed.*