MARIE T. D. SCHAEFER, Respondent, *v.* HENRIETTA F. THOMPSON, Appellant.

*Specific performance* — option giving lessee the privilege of purchasing demised premises during the term of the lease — tender — when tender made by lessee insufficient — facts insufficient to show that lessor made such repudiation of the option as to sustain action for specific performance.

Plaintiff was in possession of premises owned by defendant under a lease in which plaintiff was given an option of purchasing the demised premises at any time before the expiration of the lease for a specified price. Desiring to take advantage of this option, plaintiff wrote to defendant asking the terms and conditions for a contract of sale and also about assessments on the property, to which defendant replied that she wanted all cash, the plaintiff to pay the assessments. In further correspondence defendant informed plaintiff that there was a mortgage on the premises but did not state the amount of interest due. Thereafter plaintiff, stating that she was ready, willing and able to purchase the premises for the price specified in the option, tendered a certain sum on account of the price, the balance to be paid under a contract to be prepared by defendant. Defendant refused this proposition and declined to make any comment thereon. Upon the theory that defendant had thus repudiated her contract, plaintiff brought this action for a specific performance. The action cannot be maintained. Unless plaintiff was excused therefrom, or relieved by acts and circumstances, it was her duty to insist upon her option and tender full performance on her part before the expiration of her lease as provided in the contract. This she did not do. She knew, or could have known from the records, the amount of the assessment to be deducted from the purchase to be tendered, otherwise, in full. The mortgage created no obstacle to a complete tender because there was no agreement that plaintiff was to take the premises subject thereto. On tender of the purchase price, less the amount of the assessment, plaintiff was entitled to a title free and clear of the incumbrance of any mortgage. Furthermore, there is nothing to show that defendant made such repudiation of her contract as rendered it futile for plaintiff to make a full and complete tender of the purchase price.

*Schaefer* v. *Thompson,* 206 App. Div. 680, reversed.

(Argued October 18, 1923; decided November 20, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 26, 1923, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and granting a new trial.

*Lewis E. Carr* for appellant. The option, so called, contained in the said lease was never properly or legally exercised or accepted by the plaintiff because the plaintiff did not make any proper legal tender to the defendant of the amount of the purchase price specified in the said alleged option, prior to the expiration thereof. (*Kerr v. Purdy,* 51 N. Y. 629; *Blanchard v. Archer,* 93 App. Div. 459; *Baker* v. *Packard,* 112 App. Div. 546; *Page* v. *Shainwold,* 169 N. Y. 246; *Harle* v. *Haggin,* 131 App. Div. 742; *Stanley* v. *Gannon,* 109 Misc. Rep. 611; 193 App. Div. 885; *Pollock* v. *Riddick,* 161 Fed. Rep. 280; *Trogden* v. *Williams,* 144 N. C. 192; *Steele* v. *Bond,* 32 Minn. 14; *Kelsey* v. *Crowther,* 162 U. S. 404; *Weaver* v. *Burr,* 31 W. Va. 736.) The option, so called, contained in the said lease was never properly or legally exercised or accepted by the plaintiff because the plaintiff never unconditionally accepted the option to sell the premises, if any, contained in the said alleged option prior to the expiration thereof. (*Mactiers* v. *Frith,* 6 Wend. 103; *Cammeyer* v. *German Lutheran Church,* 2 Sandf. Ch. 186; *Hough* v. *Brown,* 19 N. Y. 111; *Sidney Glass Works* v. *Barnes & Co.,* 86 Hun, 374; *Uhlman* v. *Day,* 38 Hun, 298; *Myers* v. *Smith,* 48 Barb. 614; *Mahar* v. *Compton,* 18 App. Div. 536; *Corcoran* v. *White,* 117 Ill. 118; *James* v. *Darby,* 100 Fed. Rep. 224; *Gates* v. *Dudgeon,* 72 App. Div. 562; *Dodsworth* v. *Hannevig, Inc.,* 184 App. Div. 539; *Howells* v. *Stroock,* 30 Misc. Rep. 569; *Stanley* v. *Gannon,* 109 Misc. Rep: 611; 193 App. Div. 885; *Weaver* v. *Burr,* 31 W. Va. 736.)

*Arthur I. Strang* for respondent. The parties themselves construed the option as providing for a formal contract. (*Stanley* v. *Gannon,* 109 Misc. Rep. 611.)

HISCOCK, Ch. J.   This action was brought to enforce the specific performance of an option given by defendant to plaintiff for a valuable consideration to purchase certain real estate, and which was set forth in a lease given by defendant to plaintiff of the premises in question for a term of three years expiring April 30, 1921.   The agreement reads as follows:   " And the party of the first part (the defendant) gives to the party of the second part (the plaintiff) privilege of purchasing the premises (those in question) at any time before the expiration of this lease for the sum of $7,500."

Plaintiff having decided to take advantage of this option sent to defendant a communication dated March 7th, 1921, and reading, so far as material, as follows: " Please let me know as soon as you can your conditions for a contract of sale of the house in which we have lived for three years.   Your price was $7,500.   What about the assessment for the road? "   In order to understand the' correspondence which then followed it should be stated that at this time there was an unpaid assessment upon the premises in question and also a past due mortgage for $4,500 and interest.   The defendant answered plaintiff's communication saying, " In reply to your letter we would want all cash and you to pay the assessments. Please let me know if this is satisfactory."   These communications were followed by some additional ones in which plaintiff stated that she would like to know how much actual money was required for the transaction, the amount of the mortgage and the terms for which it had been given and whether there were any other " debts " besides the assessment and in answer to which she was told that there was no other assessment than the one referred to and that there was a mortgage for $4,500, but was not informed of the amount of the interest due thereon.   Then on April 29th plaintiff wrote to defendant a letter in which she stated that in accordance with the terms of the option already referred to she gives

"notice  *  *  *  that I am prepared, ready, willing and able to purchase said premises for the sum of $7,500 and therefore make tender of the sum of $500 on account of said purchase price, the balance to be paid in accordance with the terms of a contract to be prepared by you and submitted to me." This letter was delivered and the sum of $500 therein mentioned tendered to defendant on the following day by plaintiff's agent. The defendant "said she could not take it," and plaintiff's agent said, " Mrs. Schaefer is ready to sign a contract to pay the ten per cent down," and she, defendant, said: " She would have to see her husband." Subsequently the same agent saw defendant and asked her if she had the contract ready and she delivered to him a letter or statement directed to plaintiff and reading: " I desire to put in writing to avoid misunderstandings what I have already said a number of times to Mr. Daymon (plaintiff's agent) that I had and have no comment to make whatever upon the letter dated April 29th, 1921, and purporting to be signed by Mrs. Schaefer." This ended communications between the parties and on the theory that defendant had repudiated her contract plaintiff brought this action and remained in possession of the premises.

Unless plaintiff was relieved by acts and circumstances hereafter to be discussed she plainly did not take advantage of her option by a sufficient tender. Time was clearly of importance in the exercise of the privilege which was given to her under the lease. Unless she was excused therefrom it was her duty to insist upon her option and tender full performance on her part before the expiration of her lease as prescribed in the contract. This she did not do and the only question left is the one whether she was so excused by conditions or conduct attributable to the defendant that the insufficiency of her tender was excused.

I do not find that the assessment and mortgage upon the property created any such uncertainty in respect of

the amount to be tendered as excused plaintiff from her obligations. The correspondence made it clear that plaintiff was to take the premises subject to an assessment and this assessment and the amount thereof were necessarily matters of public record which would enable plaintiff to determine just how much she should deduct from the purchase price otherwise to be tendered. The mortgage created no obstacle to a complete tender because there was no agreement that plaintiff was to take the premises subject to this mortgage and, therefore, be entitled to know its exact amount. On tender of the purchase price less the amount of the assessment she was entitled to a title free and clear of the incumbrance of any mortgage.

The remaining aspect of the question which we are discussing is the one whether defendant made such a general repudiation of her contract as rendered it futile for plaintiff to make a full and complete tender of the purchase price of the premises. We do not think that this was the case. When plaintiff tendered $500 defendant said that she could not take it and farther that she would have to see her husband, and on the second occasion when she was asked whether she had a contract ready wrote the letter already quoted stating that she had no comment to make upon the letter purporting to be signed by plaintiff indicating a desire to exercise her option. So far as we can see all of this language and all of defendant's conduct were entirely applicable to a declination to accept the tender which was made. The defendant neither said nor did anything which predicated her refusal to accept the tender on a general repudiation of her contract. She did not by any such general repudiation distract the attention of plaintiff's agent from the size and sufficiency of the tender and allow him to think that she regarded this as sufficient and that she based her refusal upon some other ground. In view of the fact that plaintiff's contract undoubtedly called upon her to

make a tender of $7,500 less the amount of the assessment there was some duty resting upon her to ascertain whether an insufficient tender was satisfactory to defendant. This could easily have been ascertained or the defendant put in the attitude of waiving any insufficiency and objecting upon some other ground. Nothing of this kind was done and we think that the plaintiff must suffer as the result of her incomplete conduct and insufficient efforts.

The judgment of the trial court contained certain provisions giving relief because of the occupancy of the leased premises which plaintiff continued after the lease expired. There is no suggestion that these provisions were not suitable and complete in case plaintiff should fail to secure a judgment for specific performance and, therefore, we reverse the order of the Appellate Division granting a new trial and affirm the judgment of the Trial Term, with costs in this court and in the Appellate Division.

Hogan, Cardozo, Pound, McLaughlin, Crane and Andrews, JJ., concur.

Ordered accordingly.