Mauro Andreula, complainant-appellant,

*v.*

Slovak Gymnastic Union Sokol Assembly No. 223, defendant-respondent.

[Submitted February term, 1947.. Decided May 15th, 1947.]

*Mr. Nathan Baker* (*Mr. John B. O'Neill,* on the brief), for the appellant.

*Mr. Dominick R. Rinaldi,* for the respondent.

The opinion of the court was delivered by

COLIE, J.

This is an appeal from a decree of the Court of Chancery dismissing a bill for specific performance. Slovak Gymnastic Union Sokol Assembly No. 223, hereinafter referred to as "Union," was the owner of premises at 122 Adams Street, Hoboken, New Jersey, which it leased to one Mauro Andreula, the present appellant. A written lease was entered into on May 15th, 1942, for a period of two years beginning July 1st, 1942, and terminating June 30th, 1944. The written lease had no renewal clause but contained the following provision:

"The tenant agrees that in the event the owner and landlord of said premises has a buyer for the premises, the tenant will permit the prospective buyer or buyers to go through and inspect the premises. It is understood and agreed, however, that the tenant herein shall have the first option to purchase said premises."

At the expiration of the stated term, the appellant remained in possession and continued to pay rent, and thereby became a tenant from month to month. *R. S. 46:8–10.* About the middle of November, 1945, when the appellant first learned that the Union had entered into a contract to sell the prem-

ises to Pasquale for $4,000, he called upon the defendant's agent and offered to purchase the premises for the same amount offered by Pasquale and deposited with him $200 on account of the purchase price. The Union refused to convey, whereupon appellant filed the bill in Chancery.

The basis of the decision below was that the option quoted above could not have been specifically enforced by the Court of Chancery during the term of the lease and therefore could not be enforced by the complainant as a hold-over tenant. In *McClung Drug Co.* v. *City Realty and Investment Co., 91 N. J. Eq. 216;* affirmed, *92 N. J. Eq. 237,* it was held that a contract to be enforced by a decree of specific performance must be conclusive and certain as to price and terms, but that it is unnecessary that the price be specified in figures or words providing that the contract established a standard by which the price might be determined with certainty. Reverting to the wording of the clause upon which appellant bases his right to specific performance, it will be noted that it provides only "that the tenant herein shall have the first option to purchase said premises." There is no criterion or standard established by which the price may be determined with certainty and therein the instant case differs substantially from *Race* v. *Groves, 43 N. J. Eq. 284,* in which the option to purchase was at the price named. In *Fogg* v. *Price, 145 Mass. 513; 14 N. E. Rep. 741,* where it was sought to enforce specifically a covenant reading "if the premises are for sale at any time, the lessee shall have the refusal of them," the court said: "It may be said that the contract does mean that the lessor will deal the lessee on the same terms as with anyone else, or at least will not discriminate against him; that the lessor has now fixed his price by a sale; and that, as the purchaser had notice of the contract, the defendants have removed the difficulties in the way of specific performance by their own conduct. It might be that the remedy would do substantial justice as against the lessor, but, in order to do it, a term would have to be added which is not in the contract. The contract certainly does not contemplate a sale to somebody else as a mode of ascertaining the price at which the lessor will sell to the lessee." Thus in the instant case for the court

to have held that the price in the option was fixed by the offer to sell to Pasquale at $4,000 would be "a juridical interpolation of an essential of the contract upon which the minds of the parties had not met, at least not at the time the option was granted; and it is of that period that it must speak." *McClung Drug Co.* v. *City Realty and Investment Co., supra.*

There is a further reason why the bill for specific performance should have been dismissed, as it was. The option to purchase was contained in a written lease which expired June 30th, 1944, and thereafter the present appellant, as long as he stayed in the property and paid the rent, was a hold-over tenant from month to month. An option to purchase contained in a written lease cannot be exercised after the expiration of the written lease by a tenant holding over since it is a collateral contract, independent of the lease. *32 Am. Jur., Landlord and Tenant,* § *308; Friederang* v. *Ruth Alde Co., Inc., 191 N. Y. Sup. 401; Schaeffer* v. *Thompson, 237 N. Y. 55; 142 N. E. Rep. 351.* In the latter case, decided in the Court of Appeals of New York, it was held that it was the duty of one seeking to enforce an option contained in a lease to insist upon the option and tender full performance before the expiration of the lease, and that the failure so to do, in the absence of conditions or conduct which would excuse such failure, was a bar to the remedy of specific performance. We hold that "an option of purchase is not to be regarded as a provision incident to the relation of landlord and tenant, but is a matter collateral to and independent of it." Warrington, L. J., speaking in *Sherwood* v. *Tucker (English Court of Appeals), 2 Chancery 440 (1924); 37 A. L. R. 1239.*

For the reasons stated above, the decree under appeal is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, COLIE, WACHENFELD, EASTWOOD, WELLS, FREUND, McLEAN, JJ. 10.

*For affirmance not on opinion*—McGEEHAN, J. 1.

*For reversal*—HEHER, RAFFERTY, DILL, JJ. 3.