■ PHILIP HANTMAN et al., a Copartnership Doing Business as PHILIP HANTMAN & SONS, Appellants-Respondents, v. DEVON GARDENS, INC., et al., Respondents-Appellants, et al., Defendants.— In an action by a subcontractor to foreclose a bonded mechanic's lien, the Special Term found, after trial, that plaintiffs had substantially performed their contract and had done certain extra work, and that the balance due plaintiffs therefor was $14,426.50. The court also found that defendants Devon Gardens, Inc., and Bronxville-Devon Corp. were entitled to a credit, under the contract, of $1,998 and an allowance of $883.82 for correcting work improperly performed by plaintiffs. The court awarded plaintiffs $11,544.68, with interest, less an offset of $6,899 which was found to be the damages of defendant Bronxville-Devon Corp. under its counterclaim based upon plaintiff's failure to perform certain extra work pursuant to an option for their services. Judgment modified upon the law and the facts by striking from the decretal paragraph " Eleven Thousand Five Hundred Forty-four and 68/100 ($11,544.68) Dollars " and " Six Thousand Eight Hundred Ninety-nine and No/100 Dollars " and by substituting therefor " $11,239.74 " and " $2,977 " respectively, and by adjusting the interest and the final amount of the judgment accordingly. As so modified, judgment unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the finding by the trial court that plaintiffs substantially performed their contract is supported by the record. The proof warrants a finding, however, that the cost of remedying plaintiffs' defective work was $1,183.76. We also find no evidence in the record that defendant Bronxville-Devon Corp. exercised its option with respect to one of the other buildings, or that there was such a repudiation of the contract by plaintiffs as would have made it futile to exercise the option. (Cf. Schaefer v. Thompson, 237 N. Y. 55; Didier v. Macfadden Pubs., 299 N. Y. 49, 53.) Present — Nolan, P. J., Ughetta, Hallinan and Kleinfeld, JJ.; Murphy, J., deceased. Settle order on notice.

■ ETHEL S. HEFFNER, Respondent, v. HENRY HEFFNER, Appellant.— Appeal from an order which (1) modified a judgment of separation so as to reduce the alimony from $45 a week to $40 a week, (2) adjudged appellant in contempt for failure to pay arrears in alimony and fined him $870, and (3) allowed a counsel fee of $150. Order modified on the facts (1) by striking from the first ordering paragraph the word and figure " Forty ($40.00) " and by substituting therefor the word and figure " Thirty-five ($35.00) ", and (2) by striking from the fifth ordering paragraph the words and figures " Forty ($40.00) " and " Forty-two ($42.00) " and by substituting therefore the words and figures " Thirty-five ($35.00) " and " Thirty-seven ($37.00) ", respectively. As so modified, order affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the circumstances warrant a reduction of alimony to $35 a week. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of the Probate of the Will of SOPHIE BIRCH, Deceased. LEONARD W. WELLBROCK et al., Appellants; THERESA C. MASS et al., Respondents.— In a proceeding to probate a will, the appeal is from an order of the Surrogate's Court, Kings County, denying appellants' renewed motion to preclude respondent Mass from giving evidence with respect to her objection of undue influence, and directing appellants to accept service of said respondent's bill of particulars, verified June 7, 1959. Order affirmed, with one bill of $10 costs and disbursements to respondent Mass and one bill of $10 costs and disbursements to appellants, payable out of the estate. No opinion. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.