# Richmond

Henry J. Rolfs v. Daniel W. Mason, Et Al.

April 24, 1961.

Record No. 5228.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*William C. Bauknight (Bauknight, Williams, Swan and Trotter, on brief), for the appellant.*

*R. J. Lillard (McCandlish, Lillard, Marsh and Van Dyck, on brief), for the appellees.*

Snead, J., delivered the opinion of the court.

Henry J. Rolfs, appellant, filed a bill of complaint against Daniel W. Mason, Rosa Lee Mason, Emmert E. Mason, Mary Lee Mason, appellees; and Catherine Byrne. He sought from the Masons specific performance of an alleged option provision in a contract he entered

into with Catherine Byrne and George W. Byrne, her deceased husband, for the sale of two lots situated in Fairfax county which the Masons had purchased from Mrs. Byrne. He also sought, in event specific performance was denied, judgment against Mrs. Byrne for damages resulting from a breach of the contract. By consent of counsel, Mrs. Byrne's plea in abatement was sustained and the suit against her was abated. Appellees' demurrer was also sustained and the bill was dismissed. Appellant, in his assignment of error, contends the court's action in sustaining the demurrer is erroneous.

The material allegations of the bill may be stated as follows:

On August 21, 1952, Catherine Byrne and George W. Byrne, her husband, entered into a contract with Robert E. Nay and Merle M. Nay, his wife, whereby the former would sell to the latter a lot containing one acre, more or less, with improvements thereon, situated at the southeast corner of Hillbrook Drive and Little River Turnpike in Fairfax county. At that time the Byrnes also owned the two lots adjoining this property on the east for which specific performance is sought. The contract contained the following paragraph:

"(8)  The parties of the first part agree that if they should sell the two lots adjoining this tract on the east, they shall give the parties of the second part first choice."

The contract of sale was recorded on April 17, 1957, and a deed of bargain and sale, dated August 28, 1957, in which the Byrnes conveyed the property to the Nays purchased under the contract, was recorded on September 12, 1957.

On December 8, 1958, without giving notice to the Nays, Catherine Byrne conveyed the two lots mentioned in paragraph 8 to appellees. Thereafter, on November 18, 1959, the Nays conveyed to appellant the property they acquired from the Byrnes. At the same time, by a separate instrument and for value, they assigned to appellant all their right, title and interest in their contract with the Byrnes, dated August 21, 1952, sought to be enforced here.

Appellant alleged that he has always been ready, willing and able to comply with the terms of the contract by purchasing the lots at a price equal to that paid by appellees, and that he had offered to purchase the lots from them but they have refused to sell at such price.

Appellees demurred on the grounds that, (1) paragraph 8 of the contract is too indefinite to give rise to enforceable rights, in that

no allegation of facts is made which would indicate a meeting of the minds of the contracting parties with regard to price and terms and it does not provide for a method to reach an agreement on price and terms; (2) the bill does not allege that the Nays were ready, willing and able to comply with the terms of the alleged agreement; (3) the rights, if any, acquired by the Nays under paragraph 8 are not assignable; (4) the terms of the alleged contract of sale were merged into the deed of bargain and sale.

It is well settled that a contract must be complete and certain and that the essential elements of price and terms of sale must have been agreed upon before a court of equity will specifically enforce the contract. *Duke* v. *Tobin*, 198 Va. 758, 759, 96 S. E. 2d 758. In Pomeroy's Specific Performance of Contracts, 3rd Ed., § 148, p. 380, it is said:

"In all contracts of sale * * * the price is, of course, a material term. It must either be fixed by the agreement iself, or means must be therein provided for ascertaining it with certainty. In the absence of such provision, either stating it or furnishing a mode for fixing it, the agreement would be plainly incomplete, and could not be enforced; * * *." *Berry* v. *Wortham*, 96 Va. 87, 89, 30 S. E. 443; *Parker* v. *Murphy*, 152 Va. 173, 184, 146 S. E. 254.

Appellees cite *Fogg* v. *Price*, 145 Mass. 513, 14 N. E. 741, and other cases hereinafter mentioned in support of their contention that the bill is demurrable because paragraph 8 does not fix the price and terms of sale and does not provide a method for the subsequent fixing of the price and terms of sale. The *Fogg* case was a suit for specific performance of a covenant in a lease which read: "[I]f the premises are for sale at any time, the lessee shall have the refusal of them." The property was sold to a third party without reference to the lessee. Specific performance was denied lessee and the court said:

"* * * This is simply an agreement to give the lessee the first chance to make a contract,—an agreement to sell if the parties can agree, but not otherwise. It neither fixes the price nor provides any way in which it can be fixed. * * *

\*         \*         \*         \*         \*         \*         \*

"It may be said that the contract does mean that the lessor will deal with the lessee on the same terms as with any one else, or at least will not discriminate against him; that the lessor has now fixed his price by a sale; and that, as the purchaser had notice of the contract, the

defendants have removed the difficulties in the way of specific performance by their own conduct. It might be that the remedy would do substantial justice as against the lessor, but, in order to do it, a term would have to be added which is not in the contract. The contract certainly does not contemplate a sale to somebody else as a mode of ascertaining the price at which the lessor will sell to the lessee. * * *" 145 Mass. p. 515.

In *Folsom* v. *Harr*, 218 Ill. 369, 75 N. E. 987, there was a provision in the lease which read: "Should said party of the first part conclude to sell this property, then said second party is to have the first chance to buy the same." It was held that the lower court properly sustained the demurrer to the bill because the contract was so indefinite and uncertain, in that it stated no price for the sale or a mode for determining such price, that a court of equity could not decree its specific performance. The court quoted with approval from *Fogg* v. *Price*, *supra*, and further said:

"* * * But in the case at bar, the covenant not only does not fix any price, but it does not provide a way, in which a price can be fixed, that is, it does not state that appellant should have a chance to buy the property upon such terms as another purchaser may offer to buy the same, the latter words amounting to the provision of a way, in which the price could be fixed. * * *" 218 Ill. p. 373.

*Wolf* v. *Lodge*, 159 Iowa 162, 140 N. W. 429, involved the following provision in a lease: "Said lessor agrees, whenever he shall offer the above-described land for sale, he will give said lessee the first opportunity to buy the same." The property was sold without giving the lessee an opportunity to purchase it. The court followed *Fogg* v. *Price*, *supra*, and *Folsom* v. *Harr*, *supra*, and the demurrers to the bill for specific performance were sustained because the agreement was too uncertain to be specifically enforced in that it failed to fix the price of sale or provide a method for ascertaining it.

Other cases cited by appellees to the same effect are *Andreula* v. *Slovak Gymnastic, &c., No. 223*, 140 N. J. Eq. 171, 53 A. 2d 191; *Machesky* v. *City of Milwaukee*, 214 Wis. 411, 253 N. W. 169.

Appellant argues that the requirements for relief in our jurisdiction are not as exacting as the doctrine enunciated in *Fogg* v. *Price*, *supra*, and followed in the other cases mentioned above. In support of his position he relies heavily upon *Parker* v. *Murphy*, *supra*, which he maintains controls the case at bar with regard to the ground of demurrer under discussion. In that case, Hopkins and his wife,

owners of certain real property, entered into a contract with Murphy and Fitts, who later assigned his interests to Murphy, by which the property was leased. The contract contained the following provision:

"It is further understood and agreed that should the lessors decide to sell, rent, or lease * * * the said lessees are to have the first privilege of renting, leasing or buying the same on terms to be agreed upon at the time such agreement is made—purchase price not to exceed $15,000.00 * * *."

Later, within the option period as extended, the Hopkins contracted to sell the property to Parker. Before consummation of the sale Murphy, who had learned of the transaction, approached the Hopkins and requested that they sell the property to him upon the same terms it was offered to Parker. Murphy claimed the Hopkins were willing to sell it to him. Hopkins informed Parker of the option held by Murphy. However, upon Parker's insistence that the sale to him be consummated in accordance with their contract, the Hopkins conveyed the property to him. Thereafter Murphy instituted suit against the Hopkins and Parker for specific performance of the contract he had with the Hopkins. The case was heard on the bill and amended bill, the demurrer and answers filed, and the depositions of witnesses. A decree was entered awarding Murphy specific performance of the contract and on appeal this court affirmed the decree.

The opinion of the lower court was adopted as the opinion of this court. There it was recognized that if the price of sale is not fixed by the agreement itself, or it does not contain a method of ascertaining it with certainty the agreement would be incomplete and could not be specifically enforced. The court said:

" 'While this is not a contract of sale in its true sense, but a mere option, which in no case becomes a complete contract of sale and binding on the optionee until he notifies the optionor of his purpose to exercise it, it is apparent that the writing neither provides a certain price, nor any means of ascertaining it except by subsequent agreement between the parties, and, since the court cannot compel them to agree, the written contract, taken by itself, is unenforceable. The bill alleges, however, that when Murphy learned that Hopkins was ready and willing to sell the property on the terms offered by Parker he informed Hopkins that he wished to exercise his right to buy it on the same terms; thus bringing about the meeting of the minds of the

parties on a fixed and definite price for the exercise of the option and making the contract full and complete. The written agreement was of itself complete in all other respects, and when the parties themselves have made a specific and definite agreement as to the price to be paid for the property, it seems to me that that element of the contract ceases to be a subject of inquiry on the part of the court, and there is nothing left for a court of equity to do but to proceed to enforce the agreement according to its terms, if no other valid objection is interposed.'" 152 Va. pp. 184, 185.

The court found that "the price was fixed according to the mode prescribed by the written contract, that is, by agreement of the parties." It also found that when the Hopkins were willing to accept the price offered by Parker for the property and Murphy desired to buy it at the price offered by Parker the provision "on terms to be agreed upon at the time such agreement is made" became definite and the contract became complete as if the price had been stated in the contract, and that the contract was specifically enforceable by Murphy because he had "first privilege" to buy the property. In the case at bar the option clause of the contract does not contain the words "on terms to be agreed upon at the time such agreement is made"; it does not provide for a mode whereby the price can be ascertained with certainty; the bill does not allege that the Nays were ready, willing and able to buy at the price for which the lots were sold to appellees; there was no agreement of the parties on the essential element of price; the actions of the parties did not result in a full and complete agreement. That being the case, the contract cannot be specifically enforced. The bill was, therefore, demurrable.

In this view of the case we deem it unnecessary to discuss the other grounds of demurrer.

For the reasons stated the decree appealed from is

*Affirmed.*