## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Allen Knight and
Eunice W. Knight

v.

Nathaniel Norwood
and Alma M. Norwood

January 15, 1969

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today sustaining the demurrer in this cause.

The plaintiffs, who allege they are purchasers, pray for specific performance against the defendants, the alleged sellers, of a contract for the sale of real estate. The contract, *inter alia*, provides that the purchase price of $11,800.00 is to be:

> Payable as follows: $500.00 cash, the residue in negotiable notes as follows: purchaser agree [sic] to assume 1st trust now on property and give 2nd trust for balance. Total monthly payment on said trusts not to exceed $100 per month
> . . . .

The defendants correctly assert that where a real estate sales contract is so indefinite and uncertain with regard to the terms of the payment of the purchase price, as is the case here, specific performance will not be decreed. *Rolfs* v. *Mason*, 202 Va. 690, 692, 119 S.E.2d 238, 2 A.L.R.3d 695 (1961); *Berry* v. *Wortham*, 96 Va. 87, 89 (1898); 17 M.J. *Specific Performance*, Section 19, p. 32, and cases cited therein; 49 Am. Jur., *Specific Performance*, Section 26, p. 40, ftn. 15 and Section 32; 60 A.L.R.2d

251. See also *Olson* v. *Forsberg*, 163 N.E. 697, 700 (Ill. 1928). Such a provision is a material term of such a contract and when such terms are so indefinite or obscure as to their meaning, the intent of the parties cannot be sufficiently determined to enable the court to carry the contract into effect by specific performance. This contract says nothing about who is to take back the second trust, the sellers or an independent lender. Furthermore, nothing is said about the details of the notes to be given such as the number and amount and the maturity thereof. Moreover, the Bill alleges that the defendants agreed to make "all necessary loan arrangements for the plaintiffs," but the contract does not state who is to arrange the financing.

The plaintiffs do not deny that the writing is uncertain and vague but they assert that the contract can be explained and made certain by use of parol evidence. They say that any argument as to the validity of the contract must wait until the cause is heard on its merits and therefore the demurrer should be overruled.

If parol evidence could be received in aid of the writing, then the plaintiffs' position is well taken. But such is not the law. This is a contract which falls within the statute of frauds. Code Section 11-2(6). If the written memorandum of a contract within the statute of frauds is deficient in respect to any of its material terms, parol evidence cannot be received to supply the deficiency. *Jarrett* v. *Johnson*, ' 52 Va. (11 Gratt.) 327, 336 (1854); *Moyer* v. *Ellis*, 167 Va. 213, 217-218 (1936); 37 C.J.S. *Frauds, Statute of*, Section 282, p. 810; cf. *Matthews* v. *Laprade*, 130 Va. 408, 420 (1921).

Having decided that the Court should refuse to specifically perform this contract, it will now proceed to determine the remaining issues in the cause raised by, first, the plaintiffs' request for alternative relief stated in paragraph 4 of the prayer of the Bill; and, second, the defendants' cross-bill.