## CIRCUIT COURT OF THE CITY OF ROANOKE

Euro-Specialty, Inc.,
t/a Dixie Body Shop

v.

Wallace H. Kern, Jr.,
Adm'r of the Estate
of William Hardie, III

May 26, 1989

By JUDGE DIANE McQ. STRICKLAND

I am in receipt of . . . the briefs . . . submitted in the captioned case addressing the questions raised by the Court at the conclusion of the taking of the evidence. The facts material to the Court's determination of the issues involved herein are as follows: In November, 1986, the plaintiff entered into a lease agreement with William Hardie, III, now deceased, to rent improvements and land at Shenandoah Avenue in Roanoke, Virginia. Pertinent provisions of this lease are the following:

> LANDLORD shall construct an addition of approximately (40 x 50) to existing building at any time during the first two (2) years. The Rent for the Addition shall be $500.00 per month with a 3% Annual Increase.

> LANDLORD to make following Improvements within 60 days of possession . . . .
>     f. Regravel Parking Lot . . . .
>     h. Open Drainage Ditch between Buildings
>     . . . .

> In the event rent payments are late and any installment of the rent is not paid within

ten (10) days after it becomes due, a late fee of $37.50 may be charged.

The addition has never been constructed. The parking lot has not been regraveled. The drainage ditch between the buildings has not been opened. The tenant has been delinquent in payment of its rent on numerous occasions, and payment of the late fee has not been made.

Plaintiff seeks a Court order authorizing it to construct the addition and bill the estate of the defendant for the same. Plaintiff further seeks damages for additional overhead costs in the form of additional man hours expended arising out of the failure to construct the addition. Defendant claims damages for late charges.

Considering first the issue of whether the contract clause pertaining to the construction of an addition has been established with sufficient specificity to warrant enforcement, the Court is aided by the decision of *Duke v. Tobin*, 198 Va. 758, 96 S.E.2d 758 (1957). The Supreme Court ruled:

> It is an elementary principle that a court of equity will not specifically enforce a contract unless it be complete and certain. All the essential terms of the contract must be finally and definitely settled. None must be left to be determined by future negotiations. 198 Va. at 759.

The contract provision pertaining to the addition states nothing more than the size of the structure to be constructed and the time for constructing the same. Due to the ambiguity of this clause, the Court permitted the plaintiff to offer parole evidence at the trial. Plaintiff's president testified that he and the decedent had agreed that the building would be "similar" to that already existing on the property in question. However, he conceded that he and the decedent had difficulty in reaching an agreement as to the specifics of the building after signing the lease. While it appeared from the president's testimony that the only matters of disagreement involved the electrical wiring (as governed by the Roanoke City Code) and the painting and extra doors (which the

plaintiff is now willing to forego), the testimony did reveal that clearly the terms of this clause had to be "determined by future negotiations." *Id.* at 759. It has been held by the Virginia Supreme Court that "the Court cannot make a contract" for the parties. *Berry v. Wortham,* 96 Va. 87, 89, 30 S.E. 443 (1898). In the present case, while the equities are such as to cause the Court to desire to enforce the contract clause requiring construction of an addition for the benefit of the plaintiff, the Court in so doing would be "making" a contract for the parties. Accordingly, the Court denies the relief requested by the plaintiff which would either require construction of the addition by the defendant or authorize the plaintiff to proceed with such construction and bill the defendant for the costs incurred.

Furthermore, as the clause relating to the construction of an addition is lacking in the requisite degree of specificity so as to justify enforcement thereof, it similarly cannot be relied upon by the plaintiff for its requested award of damages for breach thereof. Accordingly, the Court also denies the plaintiff recovery of any cost of additional overhead resulting from the absence of the addition.

The defendant's request for an award of damages for late charges was addressed by the court at the hearing. It was the Court's ruling that the defendant's decedent had breached his obligations under the lease in failing to regravel the parking lot and open the drainage ditch between buildings. Accordingly, the defendant is estopped from seeking an award of late charges for the untimely payment of rent. Furthermore, the above quoted contract language reflects that the late fee "may be charged." It is clear from both the testimony of plaintiff's president and defendant's exhibit 2A that no late fee was ever assessed against the plaintiff, but rather was raised for the first time as a counterclaim in this case. Accordingly, the relief prayed for by the defendant is denied.

Finally, it is noted that paragraph 13 of plaintiff's Bill of Complaint alleges defendant's breach of the lease agreement clause requiring regraveling of the lot. Said breach has been proven, but it is unclear what damages have been shown. Counsel are given leave to address that matter, if they so desire.