## DOMINICUS BRIX

### *v.*

## AARON OTT.

*Filed at Ottawa November 10, 1881.*

1. SPECIFIC PERFORMANCE—*requisites of contract to authorize decree.* To authorize the specific performance of a contract it must be complete, specific and certain, as well as fair and honest,—not the result of mistake,—and must have been fully performed, or an ability and a readiness and an offer to perform, on the part of the party seeking its enforcement, must be shown.

2. SAME—*part performance and readiness to perform essential.* A part performance at least, with a readiness to perform the remainder, on the part of the complainant, is indispensable to authorize the specific enforcement of a contract.

3. CONTRACT—*when void for want of certainty in description.* A contract was as follows: "This is to certify to an agreement between D. B. and myself, that he is to bid off the land now advertised by myself, and sold on Monday next, and give up same on following terms, namely: to have two acres at spring, each side of spring, one to make a square; and also to have use of surplus water flowing from springs west of road; and two acres south of spring on hill, to be used for waterworks, and to be in my use until he needs it," signed "A. H. Ott" and "D. Brix, M. D.,"—when the facts were that Ott had never advertised the same for sale, but it was advertised for sale by another person for a debt due one Y, under a trust deed, and it appeared there were several springs on the land advertised, and that Brix failed to bid off such land, when it was struck off to Ott: *Held*, the contract was too vague and uncertain, both as to the land out of which the parcels were to be taken and retained, and as to their location and shape or form, to be specifically enforced.

4. TENDER—*what it admits.* A tender of any kind is only an admission to its extent, and no further. When made it only admits the fact of the tender, with all of the conditions, limitations and terms at the time imposed. Therefore the tender of a deed for land or interest therein binds the party making it to its terms and conditions, and no further.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. JOHN J. GLENN, Judge, presiding.

The plaintiff in error, the complainant below, owned a tract of land near Geneseo, on which were several valuable

springs.   He conveyed it by trust deed to one Steel, to secure
a debt of $3500 to one Young, which he was unable to pay,
and the premises were advertised for sale by the trustee,—
sale to be on Monday, February 17, 1879.   Anxious to reserve
the springs, which he regarded as possessed of medical proper-
ties, and with regard to which he had some plans, he tried
to find a purchaser who would take the land for the debt
and leave him the ownership of the springs and a small
portion of the ground.   After several weeks negotiation he
came to an agreement with the defendant, which appears in
the opinion.   This writing was made February 15, 1879,—
the Saturday before the sale.   The parties attended the
sale together.   When Steel, acting as trustee, cried the
land, Brix made no bid, and after a pause Ott bid it
off for the debt and costs.   Brix says that it was under-
stood between them that Ott should bid it off and have
it for the debt and costs, and that he was himself only to
bid against persons offering more.   Ott denies that there was
such an understanding, but admits that he got the land for
precisely what he agreed to give.

Ott testified that he considered himself released from all
obligations by the failure of Brix to bid.   A few days after
his purchase he mortgaged the premises to Mary E. Bell,
without reference to Brix or notice to her of Brix's claim.   In
a short time, however, he went with Brix to the ground, and
they measured the distance from the spring to the top of the
hill—1200 feet.   Several months elapsed, and Brix insisting
upon a deed Ott tendered him a conveyance of a right to use
the premises for waterworks only.   Brix refused, for two
reasons: first, that the deed was a quitclaim deed, and Ott,
since obtaining the title, had incumbered the premises; and
second, because the deed conveyed only an easement, instead
of the land itself.

Brix filed his bill to compel a conveyance of the land, with
proper covenants against the incumbrance.   A demurrer was

sustained to the bill, on the ground the contract was too vague to be enforced, whereupon Brix amended by praying in the alternative that if the contract should be found too vague to be enforced, it might be rescinded and the land restored after a proper account of Ott's expenditures and receipts, and with due regard to the rights of his mortgagee.

Mr. GEO. W. SHAW, for the plaintiff in error, argued upon the facts, insisting that the contract was sufficiently certain, and that Brix had substantially performed on his part.

Counsel contended that this case is much stronger than *Fowler* v. *Redican,* 52 Ill. 405, where a contract more defective than this was held sufficient to compel a conveyance.

The tender of the deed admitted defendant's liability, and disposed of all his pretended defences. *Monroe* v. *Chaldick,* 78 Ill. 429.

If Brix substantially complied with his contract he was entitled to relief, even if the contract had been too vague for enforcement. In such cases courts rescind the contract and place the parties in their former position. Fry on Specific Performance, 311; *Henry County* v. *Winnebago Sp. Dge. Co.* 52 Ill. 461.

Mr. CHARLES DUNHAM, for the defendant in error:

A contract, to be specifically enforced, must be complete, specific and certain, as well as fair and honest, and not the result of mistake, and not voluntary, and must have been fully performed on the part of the person seeking its enforcement. Fry on Specific Performance, p. 154, (\*90, sec. 203,) *et seq.* 159, 165, (\*102,) 166, 168, 169; *Fitzpatrick* v. *Beatty et al.* 1 Gilm. 454; 1 Story's Equity, secs. 764, 767, 769, 776; *Parkhurst* v. *Van Courtlandt,* 1 Johns. Ch. \*274; *Gosse* v. *Jones,* 73 Ill. 508; *Bowman* v. *Cunningham,* 78 id. 48.

To avoid the Statute of Frauds the written agreement must contain all the essential terms, and leave no such terms

to be proven by oral evidence. *Parkhurst* v. *Van Courtlandt*, 1 Johns. Ch. 274; Fry on Specific Performance, pp. 228–30 (*159) ; 1 Sugden on Vendors, pp. 237, 238.

The description of the subject of the contract must be so definite that it may be known with certainty, and if insufficiently described, oral evidence is inadmissible to show what lands the parties meant, upon a bill for specific performance. Fry on Specific Performance, 157, 158, note 4; *Richardson* v. *Godwin*, 6 Jones' Eq. 229.

Patent ambiguities can not be aided by oral evidence. 2 Starkie on Evidence, 544, 548, 562; 1 Sugden on Vendors, p. 259, and cases before cited.

The contract can not be partly in writing and partly in parol, both made at the same time, or the written part last. *Howe* v. *Barker*, 3 Johns. 509; Story's Equity, sec. 769; 1 Johns. Ch. 283, *supra; Doyle et al.* v. *Teas et al.* 4 Scam. 202.

Mr. Justice Walker delivered the opinion of the Court:

Plaintiff in error was the owner of a tract of land in Henry county, near the city of Geneseo, on which there are several springs. It was incumbered by a trust deed to secure $3500, and for the payment of which the land was advertised to be sold on the 17th day of February, 1879. On the 15th day of that month the parties to this suit entered into this agreement:

"Geneseo, Ill., *Feb. 15,* '*79.*

"This is to certify to an agreement between D. Brix and myself, that he is to bid off the land now advertised by myself, and sold on Monday next, and give up same on following terms, namely: To have two acres at spring, each side of spring, one to make a square; and also to have use of surplus water flowing from springs west of road; and two acres south of spring on hill, to be used for waterworks, and to be in my use until he needs it.

A. H. Ott,
D. Brix, M. D."

The sale occurred as advertised, but plaintiff in error failed to bid off the property, although present at the sale. Thereupon defendant in error bid, and became the purchaser for the amount of the debt and interest. Steel, the trustee, executed to him a deed, and he took possession and still retains it.

Defendant in error made a quitclaim deed for the use of two acres, embracing a spring on the west line of the quarter, and two other acres, to be used for the erection of waterworks to supply Geneseo with water. He tendered this deed, but it was rejected. Plaintiff in error claimed a deed conveying the fee, and not a mere easement or use of the property described in the deed, and that the property had been incumbered by mortgage by defendant in error after the sale, and the deed was not therefore a compliance with the contract. Plaintiff in error thereupon filed his bill for a specific performance of the contract. He afterwards amended his bill, asking for a rescission and for an assessment of damages in case the contract could not be decreed specifically performed. A hearing was had, and the circuit court dismissed the bill, and complainant prosecutes error to reverse the decree of the circuit court.

The question upon which the decision of this case turns, is whether the contract, by its terms, is sufficiently specific and certain to require a decree directing it to be specifically performed. The well and generally recognized rule is, that to be specifically enforced a contract must be complete, specific, certain, as well as fair and honest,—not the result of mistake of intention,—and must have been fully performed, or an ability and a readiness and an offer to perform his part, by the party seeking its enforcement. See *Fitzpatrick* v. *Beatty*, 1 Gilm. 454, *Gosse* v. *Jones*, 73 Ill. 508, and *Bowman* v. *Cunningham*, 78 id. 48. A part performance, at least, with a readiness to perform the remainder, on the part of the party complaining, is regarded as indispensable to authorize the enforcement of the contract.

This contract specifies no particular tract of land. But it is said that it refers to land advertised by defendant in error, and to be sold on the Monday following. But it may be replied there is no pretence that defendant in error had advertised any land to be sold on that or any other day. This land was then advertised by Steel to be sold on the next Monday, to pay a debt plaintiff in error owed to one Young, and in which, so far as the evidence shows, defendant in error did not have the slightest interest. Then how can it be said that this agreement, either directly or remotely, refers to that advertisement, or the land in controversy?

But even if it could be conceded that the land might be ascertained by a reference to Steel's advertisement, which we do not now decide, still the body of the agreement is altogether vague and indefinite as to the land to be reserved to or held by plaintiff in error. There is no general description of the land in which the specific lands claimed are situated. But if that could be found, then where will we commence to locate the two acres at the spring, or the two acres south of the spring on the hill? Surely no surveyor, whatever his skill, could determine from the agreement. There are several springs, and who can possibly know which spring is referred to, by the agreement? There is nothing from which it can be ascertained. But if the spring referred to could be certainly known, where are we to start to locate the two acres? The agreement says it is to be at and each side of the spring, and one to make a square. What to make a square? If it is one side, which side, and what is the side of the spring? And what is to be the size and shape of the other side? This is utterly indefinite as to the place, the form, or the beginning or ending of the lines bounding the tract to be embraced in the two acres.

As to the other two acres, its want of description is as apparent as the other. If we take the spring on the line and road on the east, then no part, or but a few inches, perhaps,

or a few feet at most, of the two acres on the hill can lie
south of that spring. Practically, it would all lie west of
that spring. Then, if we take either of the other four springs
lying west of the one on the east line, south of which shall
the two acres be located? But if the hill extends but a short
distance west of the second spring from the line, south of
which of these two shall it be located? And if located, on
what part of the hill, and what shall be its shape? None of
these questions are answered by the contract, and all are
presumed to know that a contract can not be partly written
and partly verbal.

We are referred to the case of *Fowler* v. *Redican,* 52 Ill.
405, as an authority requiring the admission of extrinsic evi-
dence to locate the two tracts. That case differs widely from
this in its essential facts. There, possession was taken, and
valuable improvements made, under a written memorandum,
which, if not sufficiently specific, and had been rejected, out-
side of the written memorandum there was a clear, specific
and unambiguous verbal contract, under which the purchaser
had entered into possession, made improvements, and paid a
part of the purchase money. This was sufficient, independ-
ent of the written memorandum, and had it been wholly
rejected, to authorize a decree for a specific performance. In
that case the memorandum referred to verbal representations,
which it was held might be proven because they were referred
to by the memorandum. Moreover, that case carries the doc-
tine of such explanation to the extreme verge of the rule,
and we do not feel inclined to extend it to other cases not
similar in character. This case is widely dissimilar, and the
doctrine of that case is not therefore applicable to this.

It is urged that inasmuch as defendant in error tendered
a quitclaim deed, he thereby admitted or specified the places
where and the form in which the locations were to be made.
A tender of any kind is only an admission to its extent,
and no further. When made, it only admits the fact of the

tender, with all of the conditions, limitations and terms at the time imposed. Nothing further can be inferred from it. It then follows that the tender of this deed only bound defendant in error to its terms and conditions.

We perceive no error in this record, and the decree of the court below must be affirmed.

*Decree affirmed.*