EUGENE FOLSOM

*v.*

HENRY HARR *et al.*

*Opinion filed December 20, 1905.*

SPECIFIC PERFORMANCE—*when contract is too uncertain to be specifically enforced.* A provision in a lease that "should the party of the first part conclude to sell this property, then the second party is to have the first chance to buy the same," no price being stated nor any method provided for ascertaining the price, is too uncertain to be specifically enforced as an agreement to convey to the party of the second part.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

FRANKLIN L. CHASE, for appellant.

PIERSON, PEASE & DEYOUNG, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The original bill in this case was filed on January 5, 1905, to which a demurrer was sustained. An amended bill was filed on March 13, 1905, to which a demurrer was filed and sustained. A second amended bill was filed on May 22, 1905. A general demurrer was filed to the latter bill, and sustained. The plaintiff elected to stand by his second

218—24

amended bill, and it was thereupon dismissed for want of equity at complainant's costs. The present appeal is prosecuted from such decree of dismissal.

The bill alleges that, on September 25, 1902, the appellee, Harr, being the owner in fee of a certain lot 29 in Staples' subdivision, etc., in Cook county, by William P. Gronen, his agent thereunto duly constituted, on the day aforesaid entered into a certain written agreement under seal with appellant, Eugene Folsom, complainant in the bill, for the lease and sale thereof to appellant. The bill sets out said agreement *in hæc verba,* dated September 25, 1902, between William P. Gronen, agent, party of the first part, and Eugene Folsom, party of the second part. By the terms thereof the first party leased said lot to the second party from October 1, 1902, to September 30, 1905, for the rental of $276.00 payable monthly in advance at the rate of $7.00 per month the first year, and at $8.00 per month for the residue of the term, with covenants for yielding possession, payment of water tax, against sub-letting, for re-entry, and for removal of improvements made by second party, and containing the following covenant: "Should said party of the first part conclude to sell this property, then said second party is to have the first chance to buy the same." The said contract is signed "William P. Gronen, Agent, (Seal); Eugene Folsom, (Seal.).," and was filed for record in the recorder's office of Cook county on December 13, 1904. The bill alleges that, under the contract, appellee, Harr, let appellant into possession of said lot on or about October 1, 1902; that appellant ever since has been and is now in possession and occupation of the same; that, in expectation that a sale would be made to him of said lands under the terms of the said contract, appellant has expended more than $2000.00 in improving said lands and erecting buildings thereon; that, since September 25, 1902, appellant has been and is now ready and willing and able to perform said agreement on his part and accept a deed of said lot; that, on November 24,

1904, appellee, Harr, concluded and determined to sell said lands for the sum and price of $2600.00, and, in violation of his said contract with appellant, without giving appellant any chance or opportunity to buy said land, and without notice to or the knowledge of appellant, entered into a contract in writing with one John W. Warnshuis of Chicago for the sale and conveyance to said Warnshuis of said lot for $2600.00. The bill then sets out *in hæc verba* the contract between Harr and Warnshuis, by which Harr agrees to convey to Warnshuis in fee simple by good and sufficient warranty deed said lot 29, and Warnshuis covenants to pay therefor $2600.00, $1500.00 on the signing of the contract, and the balance of $1100.00 on or before six months after date with interest at six per cent, and pay all taxes and assessments after 1903. The contract contains covenants for forfeiture of same and all payments made thereon in case of non-payment, for re-entry, making time of the essence of the contract, and making the contract binding on the heirs and personal representatives of both parties, which contract was duly signed by the parties, and recorded in the recorder's office of Cook county on December 20, 1904. The bill alleges that Warnshuis had notice and knowledge, when the contract was executed to him on November 24, 1904, of the prior contract of September 25, 1902, for the leasing and sale of said lands to appellant, and that any interest, which Warnshuis took in the lands, is charged with the older and superior equity of appellant; that, in and by said contract with Warnshuis, Harr has concluded to sell said land at the price of $2600.00; that appellant is ready and willing and able and offers to pay Harr said sum of $2600.00 for said lands, and applied to Harr and offered to pay him said sum, and requested him to make to appellant a deed, but Harr denied that appellant had any right to such a conveyance, and refused to make the same, or to receive payment; that appellant is now entitled to have said lands conveyed to him by Harr for the price of $2600.00. The bill makes

Harr and Warnshuis defendants, but does not make Gronen a defendant; and prays that the contract, made by Harr with appellant, may be specifically performed, and Harr be decreed to make complainant a deed of the said lands, and, in case of his failure to do so, that one of the masters may be ordered to make the same.

The question in the case is, whether the court properly sustained the demurrer to the bill, and properly dismissed the same for want of equity.

The bill is alleged by appellees to be demurrable upon several grounds. We only deem it necessary, however, to mention one of them. The demurrer to the bill was properly sustained, because the contract therein set up is so uncertain and indefinite that a court of equity could not decree, its specific performance. It is well settled that a contract, in order to be specifically enforced by a court of equity, must be complete and specific and certain. (*Brix* v. *Ott,* 101 Ill. 70; *Hamilton* v. *Harvey,* 121 id. 469; *Barrett* v. *Geisinger,* 148 id. 98; *Winter* v. *Trainor,* 151 id. 191). The contract is uncertain, in that it states no price, for which the land is to be sold, and states no method for the determination of such price. The language is: "Should said party of the first part conclude to sell this property, then said second party is to have the first chance to buy the same." The terms, upon which the second party is to buy the land, are not stated, nor is it stated at what price the party of the first part is to sell the land.

In *Fogg* v. *Price,* 145 Mass. 513, the covenant was: "If the premises are for sale at any time, the lessee shall have the refusal of them." In that case, it was said in regard to this covenant: "This is simply an agreement to give the lessee the first chance to make a contract,—an agreement to sell, if the parties can agree, and not otherwise. It neither fixes the price, nor provides a way, in which it can be fixed." In *Hayes* v. *O'Brien,* 149 Ill. 403, in commenting upon the case of *Fogg* v. *Price, supra,* this court said

(p. 417): "And it is manifest, as said by that court, that to justify specific performance at the suit of the lessee, 'a term would have to be added which is not in the contract.' And the court in that case further say: 'The contract certainly does not contemplate a sale to somebody else as a mode of ascertaining the price at which the lessor will sell to the lessee.'" In this respect the contract in the case at bar is different from the contract in *Hayes* v. *O'Brien, supra.* In the latter case, the stipulation was as follows: "Said party of the first part hereby reserves the right or privilege of selling that portion of said land at any time from and after this date, but no such sale of said land shall be made by said first party without first having given said second party the privilege of purchasing said land upon such terms, and at the same price per acre, as any other person or purchaser might have offered therefor." There, the lessee was to have the privilege of purchasing the land upon such terms and at the same price as any other purchaser might offer therefor. No such language is contained in the covenant in the case at bar. Appellant was not given, by the clause contained in the lease to him, the first chance to buy the property at any price, which another purchaser might offer therefor. If such language had been contained in the covenant, then it might be said, under the doctrine announced in *Hayes* v. *O'Brien, supra,* that he could compel a specific performance of the contract upon offering to pay the price, offered by Warnshuis, and upon the terms agreed upon with Warnshuis. But in the case at bar, the covenant not only does not fix any price, but it does not provide a way, in which a price can be fixed, that is, it does not state that appellant should have a chance to buy the property upon such terms as another purchaser may offer to buy the same, the latter words amounting to the provision of a way, in which the price could be fixed. In *Hayes* v. *O'Brien, supra,* it was said: "In most of the reported cases there has been an offer to sell, or an option to purchase, at a fixed price named in the written con-

tract. But this is not necessary where the written instrument fixes a definite mode of its ascertainment." In that case it was also said that, under the language there used, to-wit, "upon such terms and at the same price per acre as any other person or purchaser might have offered therefor," the lessor "covenanted that, before he would sell to any other person than the lessee, at any price, the lessee might exercise his option to take the land at the price offered,—that is, the lessee might purchase upon the terms and at the price the lessor was offered by another, which he decided to accept." There is no such language in the covenant here under consideration.

In *Hayes* v. *O'Brien, supra,* quoting from Fry on Specific Performance, it is said: "It is evident that the price is an essential ingredient in the contract, and that, where this is neither ascertained nor rendered ascertainable, the contract is void for incompleteness and incapable of enforcement. It is not, however, necessary that the contract should determine the price in the first place. It may appoint a way, by which it is to be thereafter determined, in which case the contract is perfected only when the price has been so determined." "The principle governing is: When the contract appoints the mode of determining the price, and the price is determined according to that mode, the contract becomes perfect and complete, in all respects as if it had been originally fixed in the writing."

For the reason that the covenant in the lease, executed between appellant and appellee, Harr, fixed no price and fixed no mode of determining the price, the contract is so uncertain and incomplete that a court of equity will not grant a specific performance of it. Consequently, the demurrer to the bill was properly sustained.

The decree of the superior court of Cook county, dismissing the bill, is affirmed.

*Decree affirmed.*