## EINAR V. HANSEN
*vs.*
## ERIC RACKEL

Superior Court      Fairfield County      File No. 71178

MEMORANDUM FILED DECEMBER 18, 1945

*J. Richard Fay,* of South Norwalk, for the Plaintiff.

*Tammany & Connery,* of South Norwalk, for the Defendant.

INGLIS, J. The complaint as amended against which this demurrer is directed alleges that the plaintiff and defendant entered into a written contract whereby the defendant agreed to sell and convey to the plaintiff certain real estate, adequately described upon terms definitely set forth. That written contract contained the following provision: "The buyer to have the first refusal on the purchase of the seller's other property joining on the South on which is located the store building." The contract was not signed by the plaintiff but was signed by "Walter R. Collings, broker." At the end of the contract before Collings' signature is this writing: "I hereby accept the terms and conditions as stated hereon" and this is signed by "Eric Rackel, seller," who is the defendant. It is further alleged that the defendant purposes to sell to a third party the property of which he gave the refusal to the plaintiff for $3,800 and that the plaintiff has tendered that sum to "the Defendant's agent, Walter R. Collings" but that the defendant has refused to convey the property to him.

The first and eighth grounds of demurrer are, in substance, that the plaintiff has made no offer to purchase the property to the defendant himself and that Collings although the broker in the original transaction is not the agent of the defendant to accept a tender of the purchase price. The answer to that is, of course, that the complaint alleges that Collings was the agent of the defendant and upon a demurrer that allegation is admitted to be true.

Ground three is, in effect, that the agreement does not satisfy the Statute of Frauds because it was not signed by the plaintiff. The rule in this regard in this State is that so long as the written contract is signed by the party to be charged, that is sufficient. It is not essential that it be signed by the promisee. *Hodges vs. Kowing,* 58 Conn. 12; *Kilday vs. Schancupp,* 91 id. 29; *O'Leary vs. Skilton,* 102 id. 475. In the present case the agreement is signed not only by the broker (which in itself would be sufficient if he were acting as the agent for both) but also by the defendant himself.

The fourth and ninth grounds of demurrer are somewhat allied to the third in that they set up that there is no mutuality to the contract, that the defendant is the only one whom it purports to bind and that therefore there is no consideration for his agreement to give the plaintiff the first refusal of the second piece of property involved. All of this is answered by the fact that the consideration for the promise of the refusal lies in the plaintiff's promise to purchase the first piece of property and his payment of $200 in cash. The refusal part of the contract is of necessity unilateral on the part of the defendant and so long as the plaintiff has given a consideration for that promise it is not essential that he should be bound in any other way to the defendant.

The second, fifth, sixth and seventh grounds of demurrer have more force. In essence they set up that the agreement which the plaintiff is attempting to enforce is not stated with enough definiteness to satisfy the Statute of Frauds. It is, of course, well settled that "the note or memorandum of sale, required by the statute, must state the contract with such certainty, that its essentials can be known from the memorandum itself, without the aid of parole proof, or by a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." *Nichols vs. Johnson,* 10 Conn. 192, 198. Parole proof may be used to explain the terms at least so as to apply them to specific property but it may never be used to supply omissions. *Gendelman vs. Mongillo,* 96 Conn. 541.

Obviously what was intended by the sentence of the contract upon which the plaintiff is here suing is that the defendant would give to the plaintiff some sort of an option to buy the property located next south of the property which he, the plaintiff, was then buying. The specific terms upon which that option might be exercised however are not stated. The plaintiff interprets the agreement as being in substance, that the defendant before he sold the property to a third person would offer it to the plaintiff on the same terms as to price as those which the third person was offering. If the written contract had said that in so many words it probably would have satisfied the Statute of Frauds. *Ann.* 136 *A. L. R.* 138, 140. That however is not the express provision of the contract. The contract provides only that "the buyer to have

the first refusal on the purchase of the seller's other property." The words "the first refusal" might mean what the plaintiff claims they mean. They might also mean that if and when the seller decided to sell he would offer the property to the buyer before he offered it to anyone else at a reasonable price or at a price to be fixed by the seller or at a price to be mutually agreed upon or at a price and upon terms to be determined in some other way. In other words the mere grant of "the first refusal" on property does not in any way determine the terms upon which the property shall be offered or sold. Because of this idenfiniteness as to the terms upon which the property is to be sold the contract here involved does not satisfy the Statute of Frauds. *Folsom vs. Harr*, 218 Ill. 369, 75 N. E. 987; *McClung Drug Co. vs. City Realty & Investment Co.*, 91 N. J. Eq. 216, 108 Atl. 767; *Fogg vs. Price*, 145 Mass. 513, 14 N. E. 741; *Wolf vs. Lodge*, 159 Iowa 162, 140 N. W. 429.

The demurrer is sustained on grounds two, five, six and seven.