NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (4th) 250510-U

NO. 4-25-0510

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 10, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* ESTATE OF ARTHUR H. RIEKENA, Deceased | ) | Appeal from the |
| | ) | Circuit Court of |
| (W.C. Brooks III, | ) | Peoria County |
|   Petitioner-Appellant, | ) | No. 23PR25 |
|   v. | ) | |
| Dennis M. Riekena, | ) | Honorable |
|   Respondent-Appellee). | ) | Sean W. Donahue, |
| | ) | Judge Presiding. |

---

   JUSTICE CAVANAGH delivered the judgment of the court.
   Justices Grischow and Harris concurred in the judgment.

**ORDER**

¶ 1  *Held*: The appellate court affirmed, finding (1) the trial court did not abuse its discretion when finding petitioner had waived arguments presented for the first time in his motion to reconsider and (2) petitioner failed to show any property was conveyed from decedent to respondent to raise a presumption of fraud.

¶ 2  In November 2024, the trial court granted a motion to dismiss filed by respondent, Dennis M. Riekena, regarding a complaint filed in probate court by petitioner, W.C. Brooks III. Brooks had sued the estate for a breach of contract arising from an "Option Receipt Agreement" (Option Agreement) between him and decedent, Arthur H. Riekena (Dennis's uncle). Brooks filed a motion to reconsider, which the court denied. On appeal, Brooks argues the court abused its discretion when denying his motion to reconsider. We disagree and affirm.

¶ 3          I. BACKGROUND

¶ 4  In April 2024, Brooks filed an amended complaint, alleging two counts of breach

of contract for Riekena's estate's failure to sell two parcels of land to him. Count I of the complaint sought damages, whereas count II sought specific performance. The following are facts as alleged in Brooks's complaint. Brooks, decedent's neighbor since 1992, had provided various "neighborly services" to decedent, which increased in scope and frequency as decedent aged. In 2018, decedent offered to sell to Brooks two land parcels for $2,500 per acre. On August 18, 2018, Brooks gave decedent $8,000 in earnest money in response to the offer. Shortly after learning of the earnest money payment, Riekena, decedent's nephew, went to decedent's home, and an argument ensued. Riekena told decedent he could not sell the parcels because it was Riekena's " 'inheritance.' " Decedent told Riekena he was already going to receive parcels worth "over a million dollars" and accused him of being " 'greedy.' " Following the argument, Riekena told Brooks he was interfering with his inheritance. Brooks informed Riekena that decedent had approached him about selling the property. During a discussion, Brooks suggested Riekena could purchase the property. Riekena replied, " 'I don't know why I have to buy my inheritance.' "

¶ 5 Decedent subsequently approached Brooks about purchasing different parcels. This agreement was memorialized as an Option Agreement. The Option Agreement incorporated the $8,000 of earnest money previously paid by Brooks. The Option Agreement, attached to the complaint, provided Brooks with the "exclusive and irrevocable option" to purchase the different parcels for $512,000 (minus the $8,000 option money already paid) by January 1, 2038. Because Brooks was unable to execute the Option Agreement with decedent's estate, Brooks filed this breach of contract action.

¶ 6 In April 2024, Riekena filed a motion to dismiss the amended complaint. In July 2024, the trial court denied the motion.

¶ 7        In November 2024, Riekena filed another motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2024)), arguing a lease between decedent and Riekena granted Riekena a right of first refusal to the parcels in the Option Agreement and affirmatively barred Brooks's claims. The attached lease listed decedent as the landlord and Riekena as the tenant. The lease was executed on November 13, 2018. The term of the lease was "March 1st 2019 to February 28th 2019 [*sic*]," and it contained a provision that it would automatically renew "from year to year under the same terms and conditions" unless either party gave written notice prior to September 1 of each year that they did not intend to renew or extend the lease. The lease specifically stated, "[i]n the event [decedent] decides to sell all or a portion of property, [Riekena] has rights to first refusal."

¶ 8        In January 2025, Brooks responded to the motion to dismiss by arguing (1) the lease had expired upon decedent's death and (2) Riekena, who owed a fiduciary duty to decedent as his power of attorney, benefited from the lease, which raised a presumption of fraud and constituted a conflict of interest, which arguably invalidated the lease.

¶ 9        In March 2025, following a hearing, the trial court entered a written order granting Riekena's motion to dismiss. The court found the term period of the lease of March 1, 2019, to February 28, 2019, was a scrivener's error. The court noted the lease automatically renewed year after year unless either party gave written notice and the tenant, Riekena, yielded possession of the property. The court stated neither party gave written notice to terminate the lease and Riekena never yielded possession of the property. The court disagreed with Brooks that decedent's death terminated the lease and explained it could find no case law supporting Brooks's proposition. Rather, the court found Riekena, as executor of decedent's estate, stepped into decedent's shoes pertaining to the obligations set forth in the lease. The court also noted

decedent's will specifically addressed the issue of self-dealing and waived any claims related thereto. The court supported this finding by stating Brooks's complaint pleaded Riekena's life estate rental of the property was intended to dovetail with decedent's will and decedent's will was executed freely, fairly, and without undue influence.

¶ 10        Regarding Riekena's fiduciary duties as executor and any presumption of fraud, the trial court found Riekena's duties as a power of attorney to decedent since 2002 created a fiduciary duty. The court also found the lease only granted Riekena a right of first refusal, as it did not convey or transfer any property interest to him. Rather, the right of first refusal only gave Riekena an opportunity to purchase the property at issue if decedent wished to sell it. The court concluded, as a matter of law, there was no presumption of fraud where no actual conveyance or transfer of property interest occurred. Additionally, the court stated that if the presumption of fraud were assumed, Riekena could rebut the presumption. The court stated Riekena's involvement with the lease only afforded him the opportunity to purchase the property, even though, according to Brooks, Riekena believed he should have inherited the property rather than having to purchase it. The court explained:

> "Through the Will [Riekena] did in fact inherit a portion of the
> farm ground and was granted lifetime farming rights to the
> property subject to the Option [Agreement]. If the Option
> [Agreement] is exercised, he has the right to purchase the farm
> from [decedent's] Estate and the Estate receives the same benefit.
> If he does not have the finances available, Brooks completes the
> Option [Agreement], and the Estate receives the same benefit and
> [Riekena] is able to farm the property for his lifetime. This is fair

and equitable."

¶ 11 Brooks subsequently filed a motion to reconsider, contending (1) Riekena's right of first refusal was personal and, therefore, expired upon decedent's death, (2) the trial court's ruling created an unreasonable result, effectively nullifying the Option Agreement, and (3) the court erred when finding a fiduciary duty did not attach to the lease.

¶ 12 In April 2025, following a hearing, the trial court entered a written order denying the motion to reconsider. The court first noted Brooks made two arguments at the hearing on the motion to dismiss: (1) the lease terminated upon decedent's death and (2) Riekena's right of first refusal was presumptively fraudulent based upon Riekena being decedent's power of attorney at the time the lease was executed. The court then noted during the hearing on the motion to reconsider, Brooks conceded he had "missed arguing about or raising the issue of the personal nature of the right of first refusal." The court recounted that Brooks referenced a case cited in Riekena's motion to dismiss that discussed the issue of a right of first refusal being personal in nature. The court stated it had considered the cases cited by the parties "for the propositions for which they were argued/cited." The court concluded it would not consider legal theories that were not raised by the parties at the time of argument and it was not opposing counsel's obligation to raise issues on Brooks's behalf. The court found Brooks had waived the issue that Riekena's right of first refusal was personal in nature.

¶ 13 The trial court said Brooks's argument that Riekena had not provided proof he would be able to exercise his right of first refusal was also being argued for the first time. The court noted both parties had indicated their intentions to exercise the Option Agreement or lease, respectively. The court opined Brooks had provided no proof he was financially able to exercise the Option Agreement. The court stated this issue was likely waived and it did not preclude it

- 5 -

from ruling on the legal issues presented.

¶ 14 Regarding the issue of the trial court's order creating an unreasonable result, the court said the issue had been addressed in its previous ruling. The court reiterated neither the Option Agreement nor the lease created a mechanism that would compel either party to exercise their rights under either agreement. The court proposed a hypothetical scenario where Brooks exercised his option under the Option Agreement and, despite Riekena's right of first refusal, Brooks was unable to secure the funds to purchase the property. The court concluded, "There is nothing unreasonable in [decedent] offering [Riekena,] who has farmed this property for 20 years[,] the right to be first in line for its purchase, and if he is unable to purchase[, then] allowing [Brooks] the option to purchase the property at a significant discount."

¶ 15 Lastly, regarding fiduciary duty, the trial court stated it had found a fiduciary duty existed at the time the lease was entered. The court explained that its prior ruling found Riekena's right-of-first-refusal provision within the lease was not presumptively fraudulent. The court denied Brooks's motion to reconsider.

¶ 16 This appeal followed.

¶ 17                                   II. ANALYSIS

¶ 18 On appeal, Brooks argues the trial court erred denying his motion to reconsider dismissing his lawsuit when (1) Riekena's right of first refusal did not expire upon decedent's death, (2) the waiver-of-self-dealing provision in decedent's will retroactively applied to the lease, and (3) Brooks's argument Riekena had not exercised his right of first refusal was waived. We address each claim in turn.

¶ 19 Section 2-619 of the Code permits a party to file a motion to dismiss where "the claim asserted *** is barred by *** affirmative matter avoiding legal effect of or defeating the

- 6 -

claim." 735 ILCS 5/2-619(a)(9) (West 2024). An "affirmative matter" is "something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999). "The question on appeal from an order granting dismissal under section 2-619 is 'whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104, 109-10 (1999) (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993)). We accept all well-pleaded facts as true and "construe the pleadings and supporting documents in the light most favorable to the nonmoving party." *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. Our review of a dismissal pursuant to 2-619 is *de novo*. *Glisson*, 188 Ill. 2d at 221.

¶ 20        Ordinarily, we would apply a *de novo* standard of review when "reviewing a motion to reconsider that was based only on the trial court's application (or purported misapplication) of existing law." *People v. $280,020 United States Currency,* 372 Ill. App. 3d 785, 791 (2007). However, "where the motion was based on new matters, such as additional facts or new arguments or legal theories not presented during the course of the proceedings leading to the order being challenged, the abuse-of-discretion standard applies." *Spencer v. Strenger Wayne*, 2017 IL App (2d) 160801, ¶ 25. In this case, Brooks's motion to reconsider was based on new arguments and legal theories that he had not presented to the trial court prior to its granting of Riekena's motion to dismiss. On appeal, Brooks concedes his legal theories were "not presented in prior proceedings." As such, the parties agree the standard of review is abuse of discretion. An abuse of discretion occurs only when the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the court. *In re*

*Marriage of Heroy*, 2017 IL 120205, ¶ 24.

¶ 21                          A. Whether Riekena's Right of First Refusal

Expired Upon Decedent's Death

¶ 22          Brooks first argues Riekena's right of first refusal as stated in the lease terminated upon decedent's death. He contends the right of first refusal provision was silent as to price and duration. Citing *Folsom v. Harr*, 218 Ill. 369 (1905), and *Universal Scrap Metals, Inc. v. J. Sandman & Sons, Inc.*, 337 Ill. App. 3d 501 (2003), he argues the lack of a price makes it uncertain and incomplete, and therefore, unenforceable. Citing this court in *Kellner v. Bartman*, 250 Ill. App. 3d 1030 (1993), he argues the lack of duration makes it personal in nature and, therefore, it terminated upon decedent's death.

¶ 23          In *Folsom*, the parties entered into a lease agreement that included a right-of-first-refusal provision, which stated, " 'Should [the defendant] conclude to sell this property, then [the plaintiff] is to have the first chance to buy the same.' " *Folsom*, 218 Ill. at 370. The defendant subsequently sold the property without first offering the plaintiff an opportunity to purchase it. *Id.* at 370-71. The *Folsom* court held the contract was unenforceable because it was "uncertain and indefinite." *Id.* at 372. The court noted it was "uncertain, in that it state[d] no price for which the land [was] to be sold and state[d] no method for the determination of such a price." *Id.* The court noted, however, had the contract provided the plaintiff could have purchased the property under the terms offered by a third party, it would have been enforceable. *Id.* at 373.

¶ 24          *Universal Scrap Metals* similarly contained a right-of-first-refusal provision, which stated, " 'If at some future time [the defendant] decide[s] to sell, relinquish or limit participation in the business, it is agreed that [the plaintiff] will have the "right of first refusal" to

purchase, manage, or otherwise operate [the defendant's] business under mutually agreed upon conditions.' " *Universal Scrap Metals*, 337 Ill. App. 3d at 503. The defendant subsequently sold its assets to a third party without offering the plaintiff an opportunity to purchase, manage, or otherwise operate the business. *Id.* The appellate court followed *Folsom* and noted, "Had the parties intended to expressly base their selling price on a third-party offer, they could have provided so in the agreement." *Id.* at 506. The court found the agreement "was not sufficiently definite" and, thus, unenforceable. *Id.* at 508.

¶ 25      *Kellner* involved a real estate contract with a right-of-first-refusal provision that provided: " 'In the event [the defendant] shall decide to sell his remaining farm land ***, he shall first offer the farm land to [the plaintiff] for the price and on the terms of the intended sale, by an instrument in writing, delivered or mailed to [the plaintiff].' " *Kellner*, 352 Ill. App. 3d at 1032. The defendant subsequently sold the property to a third party without offering the plaintiff an opportunity to purchase it. *Id.* The court noted a "right of first refusal need not specify the price and terms, as long as it provides a method whereby the price and terms may be ascertained." *Id.* at 1035. The court also noted the terms and conditions of sale "may be supplied by implication or custom." *Id.* The court found the provision provided a method by which the price and terms could be ascertained and, thus, was enforceable. *Id.* at 1036. The court went further and explained a right-of-first-refusal provision, unlike an option, "is not ordinarily void for indefiniteness." *Id.* Because the provision was "silent as to duration," however, the court concluded it was personal in nature and "terminated on the death of either party to the agreement." *Id.* at 1037.

¶ 26      Riekena contends Brooks waived these arguments by failing to raise them in response to his motion to dismiss. He cites *Liceaga v. Baez*, 2019 IL App (1st) 181170, in

support.

¶ 27    *Liceaga* involved an action for replevin, wherein the plaintiff sought possession of a diamond engagement ring he had given to the defendant in contemplation of their marriage. *Id.* ¶ 3. The trial court granted the defendant's motion to dismiss, citing the plaintiff's verified complaint, which unequivocally alleged he ended the engagement, thereby showing he could not maintain his action for replevin. *Id.* ¶ 16. The plaintiff retained new counsel and filed a motion to reconsider. *Id.* ¶ 17. The motion disregarded the case law the parties had previously agreed was controlling and contended, for the first time, the trial court should consider newly enacted legislation, case law from other states, and new policy arguments. *Id.* The trial court held the plaintiff's new arguments could not be raised on a motion to reconsider. *Id.* ¶ 21. Alternatively, the court found the legislation the plaintiff had relied on was not new and did not pertain to actions for replevin. *Id.*

¶ 28    On review, the appellate court in *Liceaga* stated:

"The purpose of a motion to reconsider is to bring to a [trial] court's attention: (1) newly discovered evidence, (2) changes in the law, or (3) errors in the court's previous application of existing law. [Citations.] A reconsideration motion is not the place to raise a new legal theory or factual argument. [Citations.] Trial courts should not allow litigants to stand mute, lose a motion, and then frantically gather new material to show that the court erred in its ruling. [Citations.] As a result, legal theories and factual arguments not previously made are subject to waiver." *Id.* ¶ 25.

The appellate court found the trial court did not err and the plaintiff had waived his arguments by

failing to raise them to the court before it ruled on the motion to dismiss. *Id.* ¶ 29.

¶ 29    We agree with Riekena. Brooks's argument to the trial court prior to the motion to dismiss was that the lease itself had expired upon decedent's death. After the court granted Riekena's motion, Brooks contended, for the first time, in his motion to reconsider that the right-of-first-refusal provision was personal in nature and, thus, it alone expired upon decedent's death. This was an entirely new argument and legal theory that was not presented to the trial court prior to it granting the motion to dismiss. The court noted Brooks's new legal theory and arguments and found they had been waived. "[A] trial court is well within its discretion to deny such a motion [to reconsider] and ignore its contents when it contains material that was available prior to the hearing at issue but never presented." (Internal quotation marks omitted.) *Id.* ¶ 27. Similar to *Liceaga*, this court has held that arguments presented for the first time in a motion to reconsider are forfeited. *Vantage Hospitality Group, Inc. v. Q Ill Development, LLC*, 2016 IL App (4th) 160271, ¶ 46; see *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36 (finding the defendant had forfeited its argument raised for the first time in a motion to reconsider). Because the trial court was well within its discretion to find Brooks had waived his new argument and legal theory, we find, for the same reason, the court did not abuse its discretion when finding Brooks had waived his new argument and legal theory raised for the first time in his motion to reconsider.

¶ 30    B. Whether Decedent's Will Retroactively Affected the Lease

¶ 31    Next, Brooks argues Riekena had a fiduciary duty to avoid self-dealing prior to the execution of decedent's will in 2019. He notes Riekena was named decedent's power of attorney in 2002 and contends Riekena's obligation to avoid self-dealing as a fiduciary began then. He argues the trial court's reference to decedent's will was error because the self-dealing

- 11 -

provision within decedent's will occurred after Riekena had entered into the lease with decedent in November 2018.

¶ 32        From here, Brooks argues a presumption of fraud or undue influence arose because Riekena benefited from the lease. Specifically, he benefited from the right-of-first-refusal provision contained therein. Brooks contends Riekena failed to show by clear and convincing evidence he could rebut the presumption of fraud or undue influence and the trial court overlooked or misconstrued various affidavits and documents in the record supporting Brooks's contentions.

¶ 33        Riekena contends the trial court was correct to find the right-of-first-refusal provision was not a conveyance of property, and, in the alternative, if it were a conveyance, Riekena could have rebutted the presumption of fraud.

¶ 34        Neither party on appeal disputes, as the trial court concluded, that Riekena owed a fiduciary duty to decedent. The first issue of contention is whether Brooks had shown a presumption of fraud arose from the right-of-first-refusal provision within the lease. Our supreme court has explained:

> "A presumption of fraud arises when a fiduciary benefits from a transaction involving the principal. [Citation.] Under a power of attorney for property, any conveyance of the principal's property that either materially benefits the agent or is for the agent's own use is presumed to be fraudulent. [Citation.] This rule applies to conveyances of the principal's property by the agent to a third party on behalf of the principal and also to conveyances made by the principal directly to the agent. [Citation.] Once a fraudulent

- 12 -

transaction has been alleged, the burden then shifts to the agent to prove by clear and convincing evidence that the transaction was fair and did not result from his undue influence over the principal." (Internal quotation marks omitted.) *Estate of Alford v. Shelton*, 2017 IL 121199, ¶ 23.

¶ 35 We begin by noting the issue of presumptive fraud based on Riekena's fiduciary duty to decedent was raised prior to the trial court's ruling on the motion to dismiss and will, therefore, be subject to a *de novo* standard of review. See *Glisson*, 188 Ill. 2d at 221. However, Brooks's argument to the trial court below was that it had failed to find a fiduciary duty existed, which was incorrect. Now, on appeal, Brooks argues the court's finding that decedent's will contained a provision waiving any potential issue of self-dealing was error. This issue was not raised in the trial court.

"The purpose of this court's forfeiture rules is to encourage parties to raise issues in the trial court, thus ensuring both that the trial court is given an opportunity to correct any errors prior to appeal and that a party does not obtain a reversal through his or her own inaction." *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14.

We remind Brooks, as the appellant, it is his obligation to preserve his claims and issues for appeal and avoid forfeiture. *Brunton v. Kruger*, 2015 IL 117663, ¶ 76. However, "[w]e require parties to preserve issues or claims for appeal; we do not require them to limit their arguments here to the same arguments that were made below." *Id.* Accordingly, we will address the merits of Brooks's contentions.

¶ 36    Pursuant to *Shelton*, Brooks needed to first show a conveyance of decedent's property to Riekena. The right-of-first-refusal provision contained within the lease was not a conveyance of property. As the *Kellner* court explained:

"A right of first refusal, also referred to as a preemptive right, is a condition precedent to the sale of the property. A right of first refusal is not an option in that the holder of the right cannot force the sale of the property at a stipulated price. [Citation.] Instead, the right does not arise until the grantor notifies the holder of a desire to sell or until offering or contracting to sell to a third party without first giving the holder of the right of first refusal the opportunity to buy. [Citation.] Oftentimes a right of first refusal is a right to elect to take a specified property at the same price and on the same terms and conditions as are contained in a good-faith offer to purchase made by a third party." *Kellner*, 250 Ill App. 3d at 1034.

Because Brooks had failed to show any property was conveyed from decedent to Riekena via the right-of-first-refusal provision, he cannot meet the basis for the presumed fraudulent conduct. Therefore, Brooks cannot show the trial court erred.

¶ 37              C. Whether Brooks Waived the Issue of Riekena's
                        Failure to Exercise his Right of First Refusal

¶ 38    Next, Brooks contends the trial court abused its discretion when denying the motion to reconsider. He argues Riekena had failed to exercise his right of first refusal to the property in question. And by failing to exercise his right of first refusal, the matter was not yet

ripe for the court to dismiss the action.

¶ 39         Brooks does not cite any authority to support his contentions on this issue. We remind Brooks, this court

> "is entitled to have the issues clearly defined and supported by
> pertinent authority and cohesive arguments; it is not merely a
> repository into which an appellant may 'dump the burden of
> argument and research,' nor is it the obligation of this court to act
> as an advocate or seek error in the record." *U.S. Bank v. Lindsey*,
> 397 Ill. App. 3d 437, 459 (2009) (quoting *Obert v. Saville*, 253 Ill.
> App. 3d 677, 682 (1993)).

Additionally, we will not "research the issues on the appellant's behalf." *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 19.

¶ 40         We also note, the trial court said this issue was "likely waived," but did not affirmatively find it waived. Rather, the court said the issue of ripeness did not preclude it from ruling on the motion to reconsider. As we stated earlier, "[A] trial court is well within its discretion to deny such a motion [to reconsider] and ignore its contents when it contains material that was available prior to the hearing at issue but never presented." (Internal quotation marks omitted). *Liceaga*, 2019 IL App (1st) 181170, ¶ 27. Brooks's ripeness argument was raised for the first time at the motion to reconsider hearing and the court was within its discretion to ignore the new argument. Accordingly, we find no basis to show the court abused its discretion.

¶ 41                         D. Other Instances of Error Claims

¶ 42         Lastly, Brooks points to various "other errors" in search of relief. First, he contends the trial court, in its written order, incorrectly stated he was represented by counsel,

while decedent was not. He notes that neither Brooks nor decedent were represented by counsel when the Option Agreement was entered into. Second, he states the court's written order incorrectly listed the Option Agreement as being executed in June 2019, when it was, in fact, executed in November 2018. He states the court's error on the date of execution "may have materially affected the outcome of the matter." Third, he contends the court failed to understand his complaints during the motion to dismiss hearing that the lease did not contain an adequate legal description of the property. Lastly, he argues the Option Agreement came first in time compared to the lease and, as such, he has exclusive rights to the property, as provided by the Option Agreement.

¶ 43 The entirety of Brooks's "other errors" can be summarized as brief and underdeveloped grievances that fail to explain how such errors amount to reversible error. We remind Brooks again, this court is entitled to have the issues clearly defined and supported by relevant legal authority. Additionally, his "other errors" were not properly raised before the trial court and subject to forfeiture on that basis alone. *Bowman v. Chicago Park District*, 2014 IL App (1st) 132122, ¶ 59. Moreso, these contentions do not comply with Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), which required his brief to "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." "An issue not clearly defined and sufficiently presented fails to satisfy the requirements of [Rule 341(h)(7)]." *Cwik v. Giannoulias*, 237 Ill. 2d 409, 423 (2010). Where an appellant fails to sufficiently present an argument in his opening brief, the argument is "forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 44 Ultimately, Brooks's "other errors" do not show the trial court abused its

discretion when denying the motion to reconsider, and they do not show any property was conveyed to establish a presumption of fraud—the issues that were sufficiently presented in this appeal. Because Brooks has failed to sufficiently present his "other errors" arguments, we find they are forfeited.

¶ 45                          III. CONCLUSION

¶ 46          For the reasons stated, we affirm the trial court's judgment.

¶ 47          Affirmed.